Morree Slifkin, J.
This matter has been referred to this court for disposition by Mr. Justice Anthony J. Cerrato. Although couched in the format of a special proceeding, petitioner seeks a summary adjudication on a matter of law properly cognizable in an action for declaratory judgment. Accordingly, it will be so treated pursuant to CPLR 103 (subd. [c]) since the court has jurisdiction over the necessary parties.
By resolution adopted June 12, 1951, the Common Council of the City of Yonkers authorized the Commissioner of Public *571 Safety to confer peace officer status upon members of the auxiliary police corps of that city subject to restrictions and regulations. The latter regulations brought the Auxiliary Police Corps under the direct control and authority of the Commissioner and Chief of Police (rules 1, 16, 33). On April 9, 1973, the Police Chief, responding to a shortage of manpower on the regular police force, implemented a plan instituting a park patrol in the City of Yonkers “ during limited night-time hours ” which makes use of the members of the Auxiliary Police Corps.
The petitioner attacks the use of the auxiliary police as a subterfuge in avoiding the appointment of regular police officers to fill 23 current vacancies in police ranks. The respondent argues that since no certified list of successful candidates for appointment to vacant police ranks has been issued by the Civil Service Commission of the City of Yonkers, it cannot make new regular appointments to fill these posts. The failure of the commission to issue the certified list of successful candidátes is not explained but this issue is not now before the court because the petitioner relies on the provisions of subdivision 3 of section 100 of the New York State Defense Emergency Act (L. 1951, ch. 784, as amd.) and a prior decision of this court (Matter of Police Benevolent Assn. of Westchester County v. Hitt, 75 Misc 2d 565) for the proposition that the use of auxiliary police violates legal procedure, in such matters.
This court, having authored the cited decision, is of the opinion that its holding does not apply on its facts to the matter at bar. The City of Yonkers has upwards of 400 regular police officers performing routine police duties on a daily basis. The use of a small group of auxiliary policemen for the limited purpose of patrolling otherwise unprotected public parks in the city during the limited hours of 8:00 p.m. to midnight is not a broad substitution of one police force for another. At most, it is the minor and temporary supplementation of the existing regular force to meet the expanding problem of law enforcement, but limited in performance to specified times and specified areas. Against this framework of fact, no pressing legal peason has been demonstrated by the petitioner why this court should upset the respondent’s plan. It has been expressed, in opinions by the State Comptroller and the Attorney-General, that such use of an auxiliary police force constitutes a “ drill ” within the purview of the Defense Emergency Act of this State (see 20 Opns. St. Compt. 320, 321; 1970 Atty. Gen. [Inf. Opns.] 157).
*572 This court sees an overriding obligation to the public and the residents of the City of Yonkers (transcending the administrative intransigence which prevents the respondent from making regular police force appointments from a certified list of eligibles) in holding the limited use of auxiliary policemen to patrol the city’s parks at night to be a legal and valid use of such force and as constituting a permitted drill exercise within the Defense Emergency Act.
The stay heretofore issued in this matter is dissolved and vacated forthwith.
Submit order on notice providing for the entry of judgment in favor of the respondent and dismissing the petition, all without costs.