Hon. Charles A. Bradley Corporation Counsel, White Plains
You ask whether special police officers appointed under the provisions of your city charter possess police officer status; and whether auxiliary police officers appointed under the New York State Defense Emergency Act have peace officer powers while on patrol duties, constituting a part of their training under the supervision of the city police department.
The Legislature has defined the terms police officer and peace officer as distinct and mutually exclusive categories, thereby clarifying the powers possessed by each group (L 1980, ch 843). Section 2 of chapter 843, among other things, consolidates all peace officer designations in the laws of the State into section 2.10 of the Criminal Procedure Law. The designation of police officers as peace officers was not carried over into section 2.10 (formerly listed in subdivision 33 [a] of section1.20 of the Criminal Procedure Law). Chapter 843 amended other provisions of law to reflect the new definitions of peace officer and police officer and to clarify the different powers possessed by each group.
Although you ask whether your city's special police officers possess police officer status, we note that section 220 of Article VIII of the White Plains City Charter provides that the special police officers "shall be peace officers of the State of New York". This provision of your city charter, according to the annotations in the copy you transmitted, is derived from several local laws adopted in 1932, 1952 and 1968.
Your special police officers are neither police officers nor peace officers. They do not qualify as police officers since they are not sworn officers of an authorized police department or force of a city (Criminal Procedure Law, § 1.20 [34] [d]), nor are they included in the list of peace officers in section 2.10 of the same law. Sections 1.20 (34) and 2.10 of the Criminal Procedure Law are general laws establishing comprehensive definitions of the terms peace officer and police officer. The provisions of section 2.10 apply notwithstanding any general, special, local or charter law to the contrary. Sections 1.20 (34) and 2.10 may not be modified or superseded by local law (Municipal Home Rule Law, §§ 2 [5], 10 [1] [i] [ii]).
The New York State Defense Emergency Act (Emergency Act) establishes procedures and provides special powers in the event of enemy attack (McKinney's Unconsolidated Laws, Title 26). In order to prepare for an attack, counties and cities are required to recruit, equip and train auxiliary police or special deputy sheriffs in sufficient numbers to maintain order and control traffic and to perform such other police and emergency civil defense functions as may be required during and after attack (id. § 9123 [22]).
The local legislative body of a county, town, city or village by resolution may confer peace officer status upon members of the auxiliary police recruited under the Emergency Act subject to any restrictions the governing body imposes and subject to the provisions of sections 2.10 (26) and 2.20 of the Criminal Procedure Law (McKinney's Unconsolidated Laws, § 9185). Under section 2.10 (26) peace officers designated under the Emergency Act "have the powers of, and shall be peace officers * * * when acting pursuant to their special duties during a period of attack by enemy forces, or during official drills in preparation for an attack by enemy forces; * * * and provided further, that such officer shall have the powers set forth in section 2.20 of this article only during a period of attack by enemy forces". Section 2.20 lists the powers of peace officers.
Section 2.10 (26) appears on its face to be inconsistent. On the one hand, the section provides that auxiliary police have the "powers" of peace officers during both periods of attack and during drills. On the other hand, the section provides "further" that auxiliary police have the powers set forth in section 2.20 "only during a period of attack"; section 2.20, "Powers of peace officers", enumerates the powers of peace officers. If "provided further" prevails, auxiliary police during drills are "peace officers" but do not have the powers of peace officers.
We believe that the proviso must prevail. Chapter 843 added section2.10 of the Criminal Procedure Law. The language of subdivision 26 of section 2.10 was not carried over from any prior law. The bill that was enacted as chapter 843 was introduced as Assembly 11557. The language of section 2.10 (26) in the first version of the bill did not include the proviso. It was added between the first and second versions and retained in the third and final version. Even though the change from the first to the final version created a literal inconsistency, it seems obvious that the proviso's purpose is to limit what otherwise would obtain — peace officer powers during drillsand attacks. (See McKinney's Statutes, § 212.)
Moreover, section 2.20 in addition to enumerating the powers of peace officers, limits the exercise of these powers to times when the officer is acting pursuant to his special duties. It defines special duties as follows: "For the purposes of this section a peace officer acts pursuant to his special duties when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order". Auxiliary police exist to carry out the purpose of the Emergency Act, which is to meet the dangers of an enemy attack (§ 9102). "Drill is synonymous with authorized test, training, or training or practice exercise" (§ 9103 [14]). Thus, the special duties of an auxiliary police officer as a peace officer are limited to those of meeting an enemy attack and do not include tests and training. The proviso in section 2.10 (26) reinforces this distinction.*
Prior to enactment of chapter 843 of the Laws of 1980, former section 1.20 (33), predecessor of section 2.10, did not include Emergency Act peace officers among the list of peace officers. Former section 9185 of the Unconsolidated Laws (amended by L 1980, ch 843, § 229), simply authorized municipalities to confer peace officer status upon Emergency Act auxiliary police without any further statutory reference to their powers. Under this prior statutory authority it was decided that Emergency Act auxiliary police, within certain limits, could exercise peace officer powers during duly scheduled drills (Matter of Portanova v Scher,75 Misc.2d 570 [Sup Ct, Westchester Co., 1973]; Police Benevolent Assn. vHitt, 75 Misc.2d 565 [Sup Ct, Westchester Co, 1972]).
We believe that chapter 843 has eliminated the possibility of conferring peace officer status upon Emergency Act auxiliary police during official drills. Emergency Act auxiliary police may exercise peace officer powers only "during a period of attack" in carrying out their special duties.
We conclude that auxiliary police appointed under the State Defense Emergency Act may not be given peace officer powers during official drills.
* We note that Article 2-B of the Executive Law, which deals with natural and man-made disasters, authorizes the use of civil defense forces in combating a disaster. Those forces, when performing disaster assistance "possess the same powers * * * they would possess when performing their duties in a locally sponsored civil defense drill, or training exercise" (§ 29-b [2] [e]). Section 2.10 (26) without the proviso would have given these forces peace officer powers when performing disaster assistance. The proviso has taken that away. We assume that the drafters of the proviso overlooked this "cross-reference" to the Emergency Act.