OPINION OF THE COURT
Ira Gammerman, J.
This article 78 proceeding seeks to declare the respondents’ action of utilizing auxiliary police officers on patrol in the subways of the City of New York to be arbitrary, capricious and an abuse of discretion, and to permanently enjoin the respondents from further utilizing the auxiliary police officers in the subways. The respondents cross-move to dismiss the petition on the grounds that it fails to state a cause of action, that petitioners lack standing and that the use of auxiliaries is a reasonable exercise of the respondents’ authority.
The petitioners, the Patrolmen’s Benevolent Association (PBA), the New York City Transit Police Department, and William McKecknie, president of the PBA, assert that placing the auxiliaries in the subway patrol poses an immediate threat of physical injury to both the police officer and the public, and that their use is not supported by statutory authority. The respondents contend that the auxiliaries do not function as a substitute for the police force, but rather serve as an addition to the police force by acting as “eyes and ears”, and that the New York State *883 Defense Emergency Act (L 1951, ch 784) authorizes the use of auxiliaries. The petitioners assert that the respondents misconstrue the New York State Defense Emergency Act, and cite Opinion No. 80-432 of the State Comptroller (Opns St Comp, 1980, p 124) which cites a prior Opinion No. 72-482 to the effect “that a drill does not allow for the steady continuing services of the auxiliary police on a day-to-day basis”.
The use of auxiliaries has been previously challenged and found to be proper for such activities as patrolling the streets, unprotected public parks in the cities of this State during the late hours. (See Matter of Portanova v Scher, 75 Misc 2d 570; Matter of Policemen’s Benevolent Assn, of Westchester County v Hitt, 75 Misc 2d 565.) Petitioners’ assertion that the New York State Defense Emergency Act does not authorize the use of auxiliaries does not appear to have merit. Further, the Office of Collective Bargaining has found that the petitioners do not have an exclusive right to provide for the safety of the citizens of this city or State (see Patrolmen’s Benevolent Assn, v City of New York, Board of Collective Bargaining Decision No. B-5-80). In many communities around the State, residents have formed civilian patrols to cruise their neighborhood and report any possible problems, with police supervision, sponsorship, and approval. One very visible such group on the subway has been the Guardian Angels, an officially unauthorized group, who have formed to fill a gap in security created by the limited number of uniformed police officers assigned to subway security. All citizens of this city are aware that subway crime has increased and that the public’s awareness of this increase is high. There is a need for the auxiliaries to patrol the subway, and it is within the respondents’ clear statutory responsibility and authority to utilize civilians for this function. The respondents are at present using the auxiliaries only on Tuesday night on six subway stations as a trial period. It has not been demonstrated to this court at this time that the use of the auxiliaries is a continuing service on a day-to-day basis as a replacement for the police, or that they will perform the function of the police, as the auxiliaries do not carry weapons or become involved in stopping of a crime.
*884 Accordingly, the petition is denied and the cross motion to dismiss the petition is granted.